**FILED**
**Aug 10, 2020**
**11:52 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| AREBIUS TURNER, | ) | Docket No. 2019-06-2251 |
|       **Employee,** | ) | |
| **v.** | ) | |
| ADVANTAGE HUMAN | ) | State File No. 108266-2019 |
| RESOURCING, INC., | ) | |
|       **Employer,** | ) | |
| | ) | **Judge Joshua Davis Baker** |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
|       **Carrier.** | ) | |

_____

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

_____

Mr. Turner requested an expedited hearing on a review of the record without an in-person evidentiary hearing, which Advantage Human Resourcing did not oppose. The Court gave the parties until July 16, 2020, to file position statements and to object to the admissibility of documents. Advantage filed a position statement.[1] Mr. Turner did not.

Mr. Turner requested medical benefits for a right-thumb and mental injury. Advantage argued it offered all the benefits to which Mr. Turner is entitled for his thumb and denied the compensability of his alleged mental injury. For the reasons below, the Court holds he is unlikely to prove at a final hearing that: his thumb injury requires additional medical treatment, he suffered a compensable mental injury, or he is entitled to a panel of physicians.

**Claim History**

---

[1] Advantage also filed records concerning child support. These records are irrelevant to this proceeding, so the Court neither considered them nor included them in the record.

Mr. Turner lacerated and "shaved about 1/3 of the nail off his thumb" on machinery at work. Advantage accepted his claim for a right-thumb laceration and nail avulsion.

Although Advantage authorized Dr. Malcolm Steele for treatment, Mr. Turner alleged that he did not choose Dr. Steele from a panel of three doctors. Advantage acknowledged it does not have a panel signed by Mr. Turner. Rather, it authorized treatment with Dr. Steele because the emergency provider recommended Dr. Steele's clinic for follow-up in a "referral order."

During treatment, Advantage accommodated Mr. Turner's work restrictions but kept him working on the machine that injured him, which Mr. Turner alleged caused a mental injury. In his affidavit, he wrote, "I was put on light duty . . . on the same machine I was injured on . . . and I was told to just use my other hand and I was constantly hit on my injured thumb and hand by the man running the machine." He asserted this caused sweating, increased heartbeat, weakness and lightheadedness, trouble sleeping, and anger.

He relayed these symptoms to Dr. Steele, but the doctor only noted that he had high blood pressure and recommended he see a family doctor. Mr. Turner then sought unauthorized emergency treatment with a physician's assistant, who urged him to "follow-up with [his] regular doctor" for high blood pressure and anxiety, as "[t]here are many conditions that can cause symptoms like these."

To prove his mental injury, Mr. Turner submitted a signed letter from a nurse practitioner. The letter explained that he receives treatment for post-traumatic stress disorder (PTSD), and since the accident, he has "experienced intrusive, unwanted memories/flashbacks from the accident, nightmares, hypervigilance, sense of impending doom, generalized anxiety, and panic attacks."

After about a dozen appointments and physical therapy, Dr. Steele released Mr. Turner to full-duty work and recommended no further treatment. The doctor noted Mr. Turner's complaints of some "new symptoms" in his thumb but wrote, "[R]ight thumb nailbed avulsion is now well healed."

### Findings of Fact and Conclusions of Law

To receive medical benefits, Mr. Turner need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). He failed to present sufficient evidence.

Given the relief requested, the Court must decide three issues: 1) whether Mr. Turner's thumb presently requires treatment "made reasonably necessary" by his work accident; 2) whether Mr. Turner's employment contributed more than fifty percent in

2

causing high blood pressure and anxiety, considering all causes; and 3) whether Advantage's failure to provide a panel of physicians at the claim's outset entitles Mr. Turner to a panel of physicians now or the right to see another physician.

The Worker's Compensation Law requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2019). When an injury requires medical care, an employer is obligated to "designate a group of three (3) or more . . . physicians . . . from which the injured employee shall select one to be the treating physician." *Id*. at § 50-6-204(a)(3)(A)(i).

The employer must offer the panel "as soon as is practicable but no later than three (3) business days" after being notified of the injury and the request for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06 (1) (2018). Where the employer fails to provide a panel, the employer may be assessed a civil penalty. Tenn. Comp. R. & Regs. 0800-02-01-.06 (2).

Additionally, an injury is work-related when "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). An employee must present expert medical proof that an alleged injury is causally related to employment when the case is not "obvious, simple [or] routine." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *27 (Nov. 9, 2015). Further, an employee's testimony about causation is probative but insufficient alone to meet his burden of proof in the absence of medical evidence. *Arciga v. AtWork Pers. Servs.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Feb. 2, 2016).

First, the Court finds Mr. Turner is unlikely to prevail in proving he presently requires treatment "made reasonably necessary" by his compensable thumb injury. Dr. Steele returned him to full duty, noted how his thumb was healing, and recommended no additional treatment. Mr. Turner presented no contrary medical evidence to contradict Dr. Steele's opinions. Simply put, the Court cannot substitute its, or Mr. Turner's, medical opinion or judgment for that of a trained physician. *See Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8; *see also Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Next, the Court holds Mr. Turner is unlikely to prevail in proving his employment "contributed more than fifty percent (50%) in causing" his high blood pressure and anxiety for two reasons. First, he offered only lay testimony to support his contention, since a nurse practitioner is not an expert who can testify about medical causation. *Dorsey v. Amazon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (May 14, 2015). Second, even if the nurse practitioner could testify about medical causation, the nurse's letter failed to address it. Instead, the letter merely relayed that Mr. Turner received treatment for PTSD and recounted his symptoms.

Lastly, the Court finds Mr. Turner is unlikely to prove at trial that he is entitled to either a panel of physicians or another physician based on these circumstances. A panel is not a practical remedy here, where Mr. Turner already received medical treatment that healed his injury. Further, while the law required Advantage to provide a panel, its failure to do so does not mean that Mr. Turner now receives one. Instead, by failing to give him a panel, Advantage risked losing control of the course of Mr. Turner's medical treatment and being required to pay for treatment it never authorized. It also ran the risk of being penalized. *See Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *17 (May 18, 2017). Moreover, no evidence suggests that Dr. Steele refused to provide further treatment, a circumstance that might entitle Mr. Turner to treatment from another physician. *See Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *9 (Sept. 12, 2017). For these reasons, the Court declines to award a panel or treatment with another physician.

However, the Court finds that Advantage ignored its legal obligations to provide Mr. Turner a choice of physicians and should be penalized for this failure. The Court refers Advantage to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on Advantage's failure to provide a panel of physicians as required by the Workers' Compensation Law.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Turner's request for benefits at this time.

2. The Court refers Advantage Human Resourcing to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on Advantage's failure to provide a panel of physicians as required Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) and Tennessee Compilation Rules and Regulations 0800-02-01-.06 (1).

3. The Court sets this claim for **a status conference on October 12, 2020, at 10:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED August 10, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

4

## APPENDIX

1. Request for Expedited Hearing and Affidavit of Arebius Turner
2. Dispute Certification Notice
3. Petition for Benefit Determination
4. Medical Records
5. Written Statement
6. Wage Statement
7. Referral Order


## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 10, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Arebius Turner, Employee | | | X | turnerbaybay@yahoo.com |
| Stephen Morton, Employer's Attorney | | | X | Stephen.morton@mgclaw.com, Amber.dennis@mgclaw.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*